**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1489

JOHN DORTUE WEAH,

Petitioner,

versus

DEPARTMENT OF HOMELAND SECURITY; JOHN
ASHCROFT, U.S. Attorney General,

Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-477-351)

Submitted: January 5, 2005          Decided: January 26, 2005

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney
General, Michelle E. Gorden, Senior Litigation Counsel, Larry P.
Cote, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent Ashcroft.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Dortue Weah, a native and citizen of Liberia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Weah challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Weah fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks. We further uphold the immigration judge's determination that Weah's asylum application was frivolous. See 8 C.F.R. § 1208.20 (2004).

Additionally, we uphold the immigration judge's denial of Weah's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378

F.3d 361, 367 (4th Cir. 2004).  Because Weah fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that Weah fails to meet the standard for relief under the Convention Against Torture.  To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2004).  We find that Weah fails to make the requisite showing.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>